UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Travis Deshun Nicholson, ) | |
| ) | C/A No. 3:06-cv-1093-GRA-JRM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Dan Wideman, Sheriff of Greenwood ) | |
| County; Phillip Anderson, Major at ) | |
| Greenwood County Detention Center; ) | |
| Ruden Hudson, Nurse at Greenwood ) | |
| County Detention Center; Sharon ) | |
| Middleton, Captain at Greenwood ) | |
| County Detention Center; and Linda ) | |
| Butler, Lieutenant at Greenwood ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., and filed on January 25, 2007. Plaintiff filed this action on April 12, 2006, pursuant to 42 U.S.C. § 1983. On November 30, 2006, Defendants Wideman, Anderson, Middleton, and Butler filed a motion to dismiss. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) was issued by the magistrate, but the Order was returned to the Court due to Plaintiff's release from the facility. Subsequently, the magistrate issued an order granting Plaintiff an additional fifteen days to advise the Court of the status of his case. This Order specifically

advised the plaintiff that the action would be dismissed if he failed to respond. Once again, Plaintiff filed no response. In light of these facts, the magistrate recommends dismissing the case with prejudice.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff has filed no objections.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Plaintiff's case be DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 6, 2007

Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.